UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EDWARD H. HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-00291-JMS-WGH |
| ) | |
| KEVIN GILMORE Asst. Super., ) | |
| GATLIN FERRA Aramark Food Supervisor, ) | |
| LOIS CARDINAL L Dorm CC4 Counselor, ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion for a Temporary Restraining Order**

Plaintiff Edward Hampton seeks a temporary restraining order and preliminary injunction directing that he have no contact with the defendants in this action and that he be transferred to another institution.

To obtain a temporary restraining order under Fed.R.Civ.P. 65(b)(1)(a), a plaintiff must show, via affidavit: (i) that he will suffer immediate and irreparable injury before the defendant can be heard in opposition; and (ii) the efforts he has made to give notice of the request to the opposing party, or to show why notice should be excused. The Supreme Court of the United States has instructed that *ex parte* temporary restraining orders "are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters,* 415 U.S. 423, 439 (1974) (citations omitted).

In essence, a temporary restraining order "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction and may be issued with or without notice to the adverse party." Charles Alan Wright, et al., 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr.2014 update). Moreover, while "[t]he issuance of a temporary restraining order is a matter that lies within the discretion of the district court," a party must demonstrate "irreparable injury" as "an essential prerequisite to a temporary restraining order." *Id.* Most courts hold that a party "must demonstrate at least a reasonable probability of prevailing on the merits" in order to obtain such relief. *Id.*

The motion for a temporary restraining order [dkt 10] must be **denied**. First, the amended complaint has not yet been screened and the defendants have not been served. In addition, the plaintiff has provided no evidence regarding any efforts he has made to serve the defendants with the motion for a temporary restraining order. Finally, the plaintiff has failed to provide evidence that he is facing any irreparable injury. Instead, he merely speculates, without support, that by keeping him at the facility, he would be subjected to harassment, intimidation, and unfair treatment. He has therefore not shown that he is entitled to the relief he seeks.

**IT IS SO ORDERED.**

Date: November 2, 2015

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EDWARD H. HAMPTON
988987
WABASH VALLEY CORRECTIONAL FACILITY
Electronic Service Participant – Court Only